IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 0 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. '08 - CV - 01309 BnB

(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

JONATHAN LEE RICHES,

  Plaintiff,

v.

JACQUES DEMERS,
ELMER FERGUSON,
FOSTER HEWITT,
MARCH-ANDRE FLEURY,
IRIS ROSS THARP,
EARNEST W. PORTA, JR.,
PAM E. STUTZ,
M. JANE SEEMAN,
KRISTEN C. UMSTATTD,
HARRY J. "HAL" PARRISH, II, and
FCI WILLIAMSBURG

  Defendants.

---

ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION,
CONSTRUING ACTION AS *BIVENS* ACTION, AND
INSTRUCTING PLAINTIFF TO CURE DEFICIENCIES

---

Plaintiff, Jonathan Lee Riches, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution – Williamsburg, in Sauters, South Carolina. Mr. Riches filed *pro se* documents titled "Preliminary Injunction/Temporary Restraing [sic] Order Bivens Action" and "Under 28 USC 2254 – Habeas Corpus Inadequate Conditions at FCI Williamsburg." The caption to this order is a compilation of the named Defendants listed on each document.

The Court has determined that the action is deficient as described in this order. Notwithstanding the deficiencies, the clerk of the Court will be directed to commence a civil action. Any papers that Mr. Riches files in response to this order must include the civil action number on the order.

The Court has reviewed the submitted documents and finds that, despite how he characterizes the document titled "Under 28 USC 2254 – Habeas Corpus Inadequate Conditions at FCI Williamsburg," Mr. Riches is asserting civil rights claims, not habeas corpus claims, because he complains about the conditions of his confinement. Mr. Riches seeks release from prison as relief.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971). **See, e.g., Richards v. Bellmon**, 941 F.2d 1015, 1018 (10th Cir. 1991).

Mr. Riches will be directed to complete the proper, Court-approved form for a Prisoner Complaint and submit the completed form to the Court if he wishes to pursue his claims. Mr. Riches must allege, simply and concisely, the specific claims for relief he is asserting and against whom those claims are asserted.

Mr. Riches also will be required to submit to the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a certified copy of his inmate trust fund account statement for the six months prior to the filing of the instant

action, if he desires to proceed *in forma pauperis*. Otherwise, he will be required to pay the $350.00 filing fee prior to proceeding in the action. Accordingly, it is

ORDERED that the clerk of the Court commence a civil action in this matter. It is

FURTHER ORDERED that the action is construed as a civil rights action filed pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), as opposed to a habeas corpus action filed pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that the clerk of the Court shall docket the instant filing to reflect the proper nature of the action. It is

FURTHER ORDERED that **within thirty days from the date of this order** Mr. Riches shall complete and file a Prisoner Complaint with the Court. It is

FURTHER ORDERED that **within thirty days from the date of this Order** Mr. Riches, if he desires to proceed *in forma pauperis*, shall complete and file with the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his inmate trust fund account statement for the six months prior to the filing of the instant action so that the clerk of the Court may determine the appropriate initial partial filing fee. Alternatively, he may pay the $350.00 filing fee. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Riches two copies of the following forms: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that if Mr. Riches fails to comply with this order **within thirty days from the date of this order**, the action will be dismissed without further notice. It is

FURTHER ORDERED that the Court will not review the merits of Mr. Riches' claims until he has complied with this order.

DATED at Denver, Colorado, this 19th day of June, 2008.

BY THE COURT:

_____
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. **'08 - CV - 01309**

Jonathan Lee Riches
Reg. No. 40948-018
FCI Williamsburg
PO Box 340
Salters, SC 29590

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and a Prisoner Complaint** to the above-named individuals on ___6/2/08___

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk